*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-186

SEPTEMBER TERM, 2015

| | | |
|---|---|---|
| Kirk Wool | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Washington Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Andrew Pallito | } | DOCKET NO. 579-9-14 Wncv |

Trial Judge: Mary Miles Teachout

In the above-entitled cause, the Clerk will enter:

Petitioner Kirk Wool appeals pro se from the trial court's order granting summary judgment to defendant on his complaint. Wool argues that summary judgment was inappropriate because he provided an affidavit from an expert who stated that defendant's actions violated a duty of care. Petitioner also asserts that the court erred in refusing to accept his amended complaint. Finally, petitioner argues that the court erred in construing his case as an action under Vermont Rule of Civil Procedure 75 when the court had previously agreed that it was a civil action seeking injunctive relief. We agree with petitioner that he was entitled to amend his complaint as a matter of right, and thus reverse and remand for additional proceedings.

Petitioner is incarcerated. He filed a complaint against defendant, the Commissioner of the Department of Corrections, in September 2014, seeking injunctive relief. Petitioner alleged that he had a long history of suffering from insomnia and severe panic attacks, and that despite repeated requests for medical attention from someone who could provide him with psychiatric medication, he had not received care since late April 2014. Petitioner maintained that this delay was grossly unreasonable and that it established a claim under the Eighth Amendment to the U.S. Constitution for gross deliberate indifference to serious mental health needs. Petitioner sought immediate injunctive relief to enjoin defendant from continuing to deny him necessary mental health care.

In an October 2014 entry order, the court denied petitioner's request for injunctive relief "at this time." It construed petitioner's complaint as a request for review of governmental action under V.R.C.P. 75. Petitioner moved for reconsideration, asserting that he had filed his complaint as a civil action that presented an Eighth Amendment claim of deliberate indifference to his serious mental health needs. He acknowledged that since filing his complaint, he had been seen by a mental health provider. Nonetheless, he asserted that the action was not moot because the delay he suffered was capable of repetition yet evading review. Petitioner asked that the court hold a status conference. In December 2014, the court issued an entry order, checking a box to indicate that the motion to reconsider was granted, and stating that the requested status conference had already been held.

In early January 2015, petitioner filed an amended complaint, purportedly as a matter of right under V.R.C.P. 15(a) to add additional facts and a claim for damages. Defendant filed an answer to this amended complaint. During a February 2015 status conference, the court held that petitioner was not entitled to amend his complaint as a matter of right and that the case would proceed on the original petition.

By the time that petitioner filed his amended complaint, defendant had moved for summary judgment, asserting that petitioner's claim was moot as he had been seen by a provider who prescribed medication. Petitioner opposed the motion, stating that he was dissatisfied with the care that he was receiving and that the case fell within an exception to the mootness doctrine. In support of his opposition, petitioner included an affidavit from a clinical social worker who averred that a delay of six months before being seen by a medical prescriber was inconsistent with the type of care that petitioner would have received outside of the prison setting. The social worker did not assert that petitioner's current treatment violated the standard of care.

The trial court granted defendant's motion for summary judgment in May 2015, after petitioner filed his amended complaint. It stated that this was a Rule 75 action in which petitioner claimed that he received inadequate mental health treatment. In his motion for summary judgment, defendant had detailed the number of times that petitioner had been seen for treatment since filing his complaint and argued that the case was moot. Defendant also asserted that petitioner's claim for deliberate indifference must fail for lack of evidence sufficient to meet the legal standard. Petitioner acknowledged being provided with mental health treatment, but disputed the sufficiency of that treatment. However, petitioner did not present any professional expert opinion to support his claim of insufficiency of treatment. The court found that this was not a case in which no treatment had been provided or the type of claim that could be decided without expert evidence. Thus, because petitioner failed to provide the necessary evidence, the court granted summary judgment to defendant. Petitioner appealed.

We begin with petitioner's assertion that the court erred in refusing to accept his amended complaint, which is tied to his argument that the court mistakenly construed his complaint as a Rule 75 complaint. Petitioner argues that this argument survives the summary judgment decision because the amended complaint seeks damages for the six-month delay in prescribing the medication. Petitioner maintains that he filed a "civil suit," which the trial court acknowledged at one point, and that he therefore was entitled to amend his complaint as a matter of right under V.R.C.P. 15(a).

The question of whether petitioner filed a "civil suit" or a Rule 75 complaint is critical in resolving whether he had the right to amend his complaint. Rule 15(a) provides that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Under Rule 75(b), "[n]o responsive pleading need be filed unless required by statute or by order of the court." Defendant argues that on October 17, 2014, the trial court ordered that the matter would be treated as a complaint under Rule 75 for review of governmental action. Thus, defendant asserts that petitioner's right to amend his complaint expired, at the latest, twenty days after the court's order on November 6, 2014. Defendant acknowledges that the court later granted petitioner's motion to reconsider as to the nature of the complaint that he filed, but states that petitioner cites no authority for the proposition that this ruling would "revive" petitioner's right under Rule 15(a) to amend his complaint as of right.

It is evident that petitioner sought only injunctive relief in his initial complaint; he specifically disavowed that he was seeking any money damages. The court construed the action as one brought under Rule 75. In his motion for reconsideration, petitioner stated that he had filed this as a "civil action" that presented a claim under the Eighth Amendment and he asserted that "demoting this case to a Rule 75" was not proper. At that point, it did not make a significant difference how the complaint was classified. The court issued an entry order, however, indicating that the motion to reconsider was granted. With this ruling, petitioner could reasonably rely on the rules governing amendments of such complaints. Under the plain language of the rule, he had the right to amend because defendant had not yet filed a responsive pleading. Defendant does not argue that a motion for summary judgment is a "responsive pleading" for the purpose of Rule 15, and indeed, the law is to the contrary. See, e.g., 6 Charles A. Wright, et al., Federal Practice and Procedure § 1483 (3d ed.) (addressing analogous federal rule, and explaining that summary-judgment motions "are not 'responsive pleadings' in any sense"). Indeed, we note that defendant filed an answer to petitioner's amended complaint. Petitioner was entitled to file an amended complaint, and we therefore must reverse and remand for additional proceedings.

We recognize that there is still an argument as to whether the affidavit filed by the social worker demonstrates the necessary expert testimony to defeat summary judgment. The trial court never addressed this question because it did not consider the amended complaint, and we do not, therefore, address it here.

<u>Reversed and remanded</u>.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

3